IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRICEPLAY.COM, INC.<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC.<br><br>Defendant. | Case No. 1:14-cv-00512-RGA<br><br>JURY TRIAL DEMANDED |

**DEFENDANT FACEBOOK, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION
TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**

BLANK ROME LLP
Steven L. Caponi (DE Bar #3484)
1201 N. Market Street, Ste. 800
Wilmington, DE 19801
(302) 425-6400
caponi@blankrome.com

*Attorney for Defendant
Facebook, Inc.*

## TABLE OF CONTENTS

Page

I. NATURE AND STAGE OF THE PROCEEDINGS ........................................................ 1

II. SUMMARY OF ARGUMENT ..................................................................................... 1

III. STATEMENT OF FACTS ALLEGED .......................................................................... 1

IV. ARGUMENT ................................................................................................................. 2

    A. Legal Standard For Rule 12(b)(6) Motion To Dismiss .......................................... 2

    B. Priceplay.com Fails to State A Claim for Willful Infringement ............................ 2

        1. Priceplay.com's Willful Infringement Allegations Do Not Support A Plausible Inference That Facebook Knew Or Should Have Known That It Acted Despite An Objectively High Likelihood Of Infringement ................................................................................................ 3

V. CONCLUSION .............................................................................................................. 4

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................2

*Bell Atl. Corp. v. Twombly*
    550 U.S. 554 (2008) ................................................................................................................2

*Callwave Communs. LLC v. AT&T Mobility LLC*,
    No. 12-1701-RGA, 2014 U.S. Dist. LEXIS 15374 (D. Del. Jan. 28, 2014) ............................4

*Chalumeau Power Sys. LLC v. Alcatel-Lucent*,
    No. 11-1175-RGA, 2012 U.S. Dist. LEXIS 142809 (D. Del. July 18, 2012) .........................3

*HSM Portfolio LLC v. Fujitsu Ltd.*,
    No. 11-770-RGA, 2012 U.S. Dist. LEXIS 92167 (D. Del. July 3, 2012) ...............................4

*In re Seagate Tech., LLC*,
    497 F.3d 1360 (Fed. Cir. 2007) ............................................................................................2, 3

*Netgear Inc. v. Ruckus Wireless Inc.*,
    No. 10-999-SLR, 2013 U.S. Dist. LEXIS 35686 (D. Del. Mar. 14, 2013) ..............................3

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ..........................................................................................................1, 2, 4

**I.      NATURE AND STAGE OF THE PROCEEDINGS**

On April 22, 2014, Plaintiff Priceplay.com, Inc. ("Priceplay.com") filed its complaint (D.I. 1) ("Complaint") in this Court against Facebook, Inc. ("Facebook") alleging infringement of U.S. Patent No. 8,050,982 (the "'982 Patent") and U.S. Patent No. 8,494,917 (the "'917 Patent") (collectively "the Asserted Patents").  Facebook now respectfully moves this Court to dismiss Priceplay.com's claims of willful infringement pursuant to Federal Rule of Civil Procedure 12(b)(6).

**II.     SUMMARY OF ARGUMENT**

1.      The Complaint cannot support a claim for willful infringement.  An essential element of willfulness is the pre-filing reckless disregard of a high likelihood of infringement.  The Complaint fails to allege any facts to support a plausible inference that Facebook knew or should have known of the alleged infringement before Priceplay.com filed this lawsuit, let alone that Facebook acted in reckless disregard of the alleged infringement.

2.      Accordingly, Facebook respectfully requests that Priceplay.com's willful infringement claims be dismissed and that the Court strike Priceplay.com's prayer for enhanced damages and other relief based on Priceplay.com's willful infringement claims.

**III.    STATEMENT OF FACTS ALLEGED**

Priceplay.com's willful infringement allegations do not support a plausible inference that Facebook knew or should have known of alleged infringement, prior to Priceplay.com's filing of the Complaint.  Instead, Priceplay.com offers only the conclusory allegation that "Facebook's infringement of the '982 patent has been and continues to be willful." (Compl. ¶ 24; *see also id.* ¶ 32 (verbatim allegations regarding the '917 Patent).)  Priceplay.com's Complaint alleges no facts whatsoever regarding Facebook's pre-suit knowledge of the Asserted Patents or of the

alleged infringement. The Complaint also alleges no facts regarding any alleged recklessness on behalf of Facebook.

IV.     ARGUMENT

    A.     **Legal Standard For Rule 12(b)(6) Motion To Dismiss**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, if accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To satisfy this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679 (citing *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has failed to show that the pleader is entitled to relief and it should therefore be dismissed. *Iqbal*, 556 U.S. at 679.

    B.     **Priceplay.com Fails to State A Claim for Willful Infringement**

To establish willful infringement, a patent owner must demonstrate by clear and convincing evidence that the infringer acted despite an "objectively high likelihood that its actions constituted infringement" and that this "objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (*en banc*). "[A] willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing

2

conduct." *Id.* at 1374. *See Chalumeau Power Sys. LLC v. Alcatel-Lucent*, No. 11-1175-RGA, 2012 U.S. Dist. LEXIS 142809, at *4-5 (D. Del. July 18, 2012) (Andrews, J.). As this Court has explained, the factual allegations must "plausibly support the conclusion that each defendant 'acted despite an objectively high likelihood that its actions constituted infringement of a valid patent,' and that defendants knew or should have known that their actions constituted infringement of a valid patent." *Id.* (quoting *In re Seagate*, 497 F.3d at 1371). Thus, Priceplay.com's willful infringement claims require a plausible allegation that Facebook knew or should have known of the risk of infringement before Priceplay.com filed this action.

> **1. Priceplay.com's Willful Infringement Allegations Do Not Support A Plausible Inference That Facebook Knew Or Should Have Known That It Acted Despite An Objectively High Likelihood Of Infringement**

Priceplay.com's willfulness allegation reads in full: "Facebook's infringement of the '982 patent has been and continues to be willful." (Compl. ¶ 24; *see also id.* ¶ 32 (verbatim allegations regarding the '917 Patent).) Priceplay.com's willful infringement allegation is legally insufficient because nowhere in its Complaint does Priceplay.com so much as attempt to allege that Facebook had pre-suit knowledge of the Asserted Patents. Instead, the Complaint alleges: "Facebook has had knowledge and notice of the '982 patent, as well as of its own infringement of the '982 patent, since at least April 22, 2014 by virtue of the present Complaint." (Compl. ¶ 22; *see also id.* ¶ 30 (verbatim allegations regarding the '917 Patent).) This deficiency in alleging any facts supporting pre-suit knowledge compels dismissal of Priceplay.com's willfulness claim. *See Netgear Inc. v. Ruckus Wireless Inc.*, No. 10-999-SLR, 2013 U.S. Dist. LEXIS 35686, at *3-4 (D. Del. Mar. 14, 2013) (dismissing willfulness claims where the plaintiff alleged only that defendant's infringement "has been and continues to be willful," because "the only circumstance identified by plaintiff to substantiate its willfulness claims with respect to the

[patents-in-suit] [wa]s the litigation itself."); s*ee also Callwave Communs. LLC v. AT&T Mobility LLC*, No. 12-1701-RGA, 2014 U.S. Dist. LEXIS 15374, at *6 (D. Del. Jan. 28, 2014) (Andrews, J.) ("the better course is generally not to allow allegations of willfulness based solely on conduct post-dating the filing of the original complaint"); *HSM Portfolio LLC v. Fujitsu Ltd.*, No. 11-770-RGA, 2012 U.S. Dist. LEXIS 92167, at *8-9 (D. Del. July 3, 2012) (Andrews, J.) ("'willfulness' may be alleged generally, but that there must be facts alleged that are 'sufficient to show that the plaintiff has a "plausible claim for relief."'…The factual support for the allegations of willfulness made in connection with the patents-in-suit are insufficient. There are none.").

Since the Complaint does not plead a plausible claim for willful infringement, the Court should dismiss Priceplay.com's willfulness claims and strike the prayer for enhanced damages and other relief based on that allegation.

## V.     CONCLUSION

For the foregoing reasons, Facebook respectfully requests that Priceplay.com's claims of willful infringement as to the '982 Patent and the '917 Patent be dismissed and pursuant to Federal Rule of Civil Procedure 12(b)(6) that the Court strike Priceplay.com's prayer for enhanced damages and other relief based on Priceplay.com's willful infringement claims.

///

///

///

///

4

| | |
|---|---|
| Dated: June 13, 2014 | By: /s/ Steven L. Caponi<br>Steven L. Caponi (DE Bar #3484)<br>**Blank Rome LLP**<br>1201 N. Market Street, Ste. 800<br>Wilmington, DE 19801<br>(302) 425-6400<br>caponi@blankrome.com<br><br>*Attorney for Defendant Facebook, Inc.* |